# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GILBERT LAW, | CASE NO. 1:10-cv-02225-SMS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| D. DOMICO, | (ECF No. 1) |
| Defendant. | ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF; PLAINTIFF'S MOTION FOR A HEARING WITHIN THIRTY DAYS |
| | (ECF Nos. 6, 8, 9.) |
| | THIRTY-DAY DEADLINE |

**I.      Screening Requirement**

Plaintiff Carlos Gilbert Law ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The complaint was filed on December 1, 2010. (ECF No. 1.) On February 2, 2011, Plaintiff filed a motion for a preliminary injunction. (ECF No. 6.) On February 9, 2011, Plaintiff filed a notice to the Court moving to have his motion heard within thirty days; and on March 10, 2011, Plaintiff filed a notice with the Court that he was in imminent danger. (ECF No. 8, 9.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**II.     Discussion**

Plaintiff alleges that he is on parole and living in Merced, California, where his life is in imminent danger because he was labeled a snitch while in prison. On October 13, 2010, Plaintiff informed Defendant D. Domico, parole agent supervisor, that he was in danger in Merced County and the State of California because the label of snitch has followed him to the streets of California. Defendant Domico refused to take any action to protect Plaintiff from a substantial risk of harm to his safety. He is seeking injunctive relief and punitive damages.

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation

occurred with deliberate indifference to his health or safety."[1] Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "officials were aware of a "substantial risk of serious harm" to Plaintiff's health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)). Plaintiff's vague and conclusory allegations that he is in imminent danger are insufficient to demonstrate that he is being subjected to a substantial risk of serious harm. Thomas, 611 F.3d at 1150.

Plaintiff's complaint fails to set forth sufficient factual allegations to state a cognizable claim for relief. Iqbal, 129 S. Ct. at 1949-50. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. If Plaintiff chooses to file an amended complaint, he is advised that he must set forth sufficient factual allegations to show that the named defendant violated his federal rights. Iqbal, 129 S. Ct. at 1949

### III. Injunctive Relief

Plaintiff seeks an injunction ordering that he be allowed to live in San Francisco County or out of state.[2] For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert.denied*, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

At this juncture in the action Plaintiff has failed to set forth any claim entitling him to relief under section 1983. Therefore, Plaintiff does not have standing to seek preliminary injunctive relief

---

[1] Plaintiff has failed to state which federal claims he is attempting to pursue in this action, and a parolee does not have a constitutionally protected right to be paroled in a specific district. Bagley v. Harvey, 718 F.3d 921, 924 (9th Cir. 1983.) If Plaintiff is attempting to raise claims other than those under the Eighth Amendment, Plaintiff should set forth the constitutional claims that he is alleging in his amended complaint.

[2] The Court notes that Plaintiff filed a change of address on May 24, 2011, and is currently residing in Tracy, California.

3

directing that he be allowed to change his county of residence while on parole. 18 U.S.C. § 3626(a)(1)(A); Summers, 129 S.Ct. at 1149; Mayfield, 599 F.3d at 969.

## IV.   Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.   The Clerk's Office shall send Plaintiff a civil rights complaint form;
2.   Plaintiff's complaint, filed December 1, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3.   Plaintiff's motion for injunctive relief, filed February 2, 2011, is DENIED;
4.   Plaintiff's motion for a hearing within thirty days, filed February 9, 2011, is DENIED;

5.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

6.  If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **August 16, 2011**                                /s/ Sandra M. Snyder
                                                                          UNITED STATES MAGISTRATE JUDGE