# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GILBERT LAW, | CASE NO. 1:10-cv-02225-BAM PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| D. DOMICO, | (ECF No. 16) |
| Defendant. | THIRTY-DAY DEADLINE |

**I.  Screening Requirement**

Plaintiff Carlos Gilbert Law ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 1, 2010, and an order issued on August 17, 2011, dismissing Plaintiff's complaint, with leave to amend, for failure to state a cognizable claim. (ECF No. 15.) Plaintiff's first amended complaint, filed August 29, 2011, is currently before the Court.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1   "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it
2   demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.
3   Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.
4   544, 555, 127 S. Ct. 1955 (2007)).

5   Under section 1983, Plaintiff must demonstrate that each defendant personally participated
6   in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires
7   the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.
8   at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that]
9   pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line
10  between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting
11  Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations
12  contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129
13  S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere
14  conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

15  **II.     Discussion**

16  Plaintiff alleges that in October 2010, he informed Defendant Domico, his parole officer, that
17  he was a rape victim, was labeled a snitch in Merced County, and parolees in Merced County and
18  the State of California continue to make threats against Plaintiff. Plaintiff claims that Defendant
19  Domico is aware that Plaintiff could be killed in California and refused to protect him. On July 3,
20  2011, while incarcerated, Plaintiff was attacked by inmate Thompson, who is a Merced County
21  parolee. Plaintiff states that he has a proposed release date and seeks injunctive relief requiring him
22  to be paroled outside of California and punitive damages claiming a violation of equal protection
23  under the Fourteenth Amendment.

24  The Equal Protection Clause requires that all persons who are similarly situated should be
25  treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne
26  Living Center, 473 U.S. 432, 439 (1985). Plaintiff's complaint is devoid of any allegations that he
27  is being intentionally discriminated against based on his membership in a protected class, Lee, 250
28  F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals

1  were intentionally treated differently without a rational relationship to a legitimate state purpose,
2  Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528
3  U.S. 562, 564 (2000).  Plaintiff fails to state a cognizable claim for a violation of equal protection.

4      To the extent that Plaintiff's complaint could be construed to allege a claim of deliberate
5  indifference in violation of the Eighth Amendment, Plaintiff fails to state a cognizable claim.
6  Neither Plaintiff's allegation that he was attacked while in prison by a Merced County parolee nor
7  the claim that parolees in Merced and California have made threats against Plaintiff are sufficient
8  to show defendant was aware that Plaintiff is at a substantial risk of serious harm.  Thomas v.
9  Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (the inmate must show that the prison officials were
10 aware of a "substantial risk of serious harm" to an inmate's health or safety).  Additionally, Plaintiff's
11 conclusory statement that Defendant Domico failed to protect him does not set forth any factual
12 allegations to show that Defendant Domico failed to act.  Plaintiff' conclusory allegation is
13 insufficient to state a plausible claim that Defendant Domico was deliberately indifferent to
14 Plaintiff's safety.  Iqbal, 129 S. Ct. at 1949.

15     Finally, to the extent that Plaintiff attempts to state a violation of the Due Process Clause of
16 the Fourteenth Amendment, he fails to state a cognizable claim.  In order to state a cause of action
17 for a deprivation of due process, a plaintiff must first identify a liberty interest for which the
18 protection is sought.  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005).  The
19 Due Process Clause does not confer a liberty interest in freedom from state action taken within a
20 prisoner's imposed sentence.  Sandin v. Conner, 515 U.S. 472, 480, 115 S. Ct. 2293, 2298 (1995).
21 However, a state may "create liberty interests which are protected by the Due Process Clause."
22 Sandin, 515 U.S. at 483-84, 115 S. Ct. at 2300.

23     While Plaintiff has a liberty interest in parole, Swarthout v. Cooke, 131 S. Ct. 859, 861
24 (2011) (per curiam), he does not have a constitutional right to be paroled to the location of his
25 choice, Bagley v. Harvey, 718 F.2d 921, 924 (9th Cir. 1983).  There is no substantive liberty interest
26 in being housed in a particular prison and an inmate has no right to incarceration in the prison of his
27 choice.  Olim v. Wakinekona, 461 U.S. 238, 245, 103 S. Ct. 1741, 1745 (1983); White v. Lambert,
28 370 F.3d 1002, 1013 (9th Cir. 2004) (overruled on other grounds by Hayward v. Marshall, 603 F.3d

546 (9th Cir. 2010). Neither the initial decision assigning the inmate to a particular prison nor a subsequent transfer to a different prison implicate the Due Process Clause. Olim, 461 U.S. 244-45, 103 S. Ct. at 1745; Meachum v. Fano, 427 U.S. 215, 224, 96 S. Ct. 2532, 2538 (1976); see Moody v. Daggett, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 279 (1976); Montanye v. Haymes, 427 U.S. 236, 242, 96 S. Ct. 2543, 2547 (1976). By analogy, a parolee does not have a liberty interest in being paroled to a particular location.

### III.     Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted one final leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.     Plaintiff's complaint, filed August 29, 2011, is dismissed for failure to state a claim

upon which relief may be granted under section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   February 13, 2012                      /s/ **Barbara A. McAuliffe**
                                                          UNITED STATES MAGISTRATE JUDGE